133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Francisco CRUZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70625, Abk-nwp-tkr.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Jan. 20, 1998.
 
 Before: BROWNING, KLEINFELD and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Francisco Cruz, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105(a)[1], and we grant the petition.
 
 
 3
 We review the credibility determinations of the BIA and the IJ for substantial evidence. See Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996). Where, as here, the BIA incorporates the IJ's decision, we review the IJ's decision. See id.
 
 
 4
 Cruz contends that substantial evidence does not support the IJ's finding that he lacked credibility. This contention has merit.[2]
 
 
 5
 The IJ must offer specific, cogent reasons for his adverse credibility finding. See id. There must be a rational and supportable connection between the reasons cited and the conclusion that the petitioner is not credible. See Aquilera-Cota v. INS, 914 F.2d 1375, 1381 (9th Cir.1990). The greater detail in Cruz' testimony than on his asylum application is not an adequate basis for a negative credibility finding. See id. at 1382. Further, the inconsistency between Cruz's statement that he was in the army between 1985 and 1990 and his corrected testimony that he was in the army until 1991 does not go to the heart of his claim that he was detained and beaten in 1989. See id.; see also Vilorio-Lopez v. INS, 852 F.2d 1137, 1142 (9th Cir.1988) (stating minor discrepancies in dates not adequate basis for negative credibility finding). Also, Cruz's use of an incorrect acronym for Farabundo Marti when he testified correctly as to the name of the group was a minor discrepancy that did not undermine the credibility of his claim that his persecutors were from that group. See Vilorio-Lopez, 852 F.2d at 1142. Accordingly, we conclude that substantial evidence did not support the IJ's adverse credibility finding. See Lopez-Reyes, 79 F.3d at 912.
 
 
 6
 We remand to the BIA for further proceedings consistent with this opinion.
 
 
 7
 PETITION GRANTED.
 
 
 8
 KLEINFELD, Judge, dissents.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 8 U.S.C. 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. Because petitioner was in deportation proceedings before April 1, 1997, however, § 309(c) of IIRIRA provides that this court continues to have jurisdiction under § 1105a
 
 
 [2]
 Because we conclude that the IJ's adverse credibility determination was incorrect, we do not reach Cruz's other contentions on appeal